## ALSTON *v.* UNITED STATES.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 898.   Argued April 14, 1927.—Decided May 16, 1927.

1. Section 9 of the original Harrison Narcotic Act, prescribing that any person who violates or fails to comply with any requirements of the Act shall be punished in a manner prescribed, applies also to violations of requirements added to the Act by subsequent amendments. P. 294.

55514°—28——19

2. The provisions of § 1 of this Act, as amended, which impose a stamp tax on certain drugs and declare it unlawful to purchase or sell them except in or from original stamped packages, are within the taxing power of Congress, and have no necessary connection with any other requirement of the Act which may be subject to reasonable disputation.  P. 294.

District Court affirmed.

THIS was a prosecution for purchasing morphine and cocaine from unstamped packages.  Plaintiff in error, after pleading guilty and being sentenced, took the case to the Circuit Court of Appeals, which referred certain questions to this Court upon a certificate.  The entire cause was brought up and decided under Jud. Code § 239.

Messrs. Hooper Alexander and Frans E. Lindquist, with whom Messrs. John B. Boddie, Wm. H. Mason, Richard O. Mason, and Thomas W. Hardwick were on the brief, for Alston.

The statute is invalid.  United States v. Daugherty, 269 U. S. 360; Doremus v. United States, 249 U. S. 86; Veazie Bank v. Fenno, 8 Wall. 533; Bailey v. Drexel Furniture Co., 259 U. S. 20; Child Labor Tax Case, 259 U. S. 41; McCray v. United States, 195 U. S. 27; Flint v. Stone Tracy Co., 220 U. S. 107; Hammer v. Dagenhart, 247 U. S. 251; Hill v. Wallace, 259 U. S. 44; Linder v. United States, 268 U. S. 5; United States v. Jin Fuey Moy, 241 U. S. 394.  The invalidity goes to the whole Act.  Hill v. Wallace, 259 U. S. 70.

The amendments of 1919 and 1921 were included in the Revenue Acts of those years.  Had they appeared there as independent enactments, they might be earnestly supported as bona fide excise taxes legitimately imposed in the exercise by Congress of its undoubted power under the first enumerated grant in the Constitution.  We take it to be recognized law that where an act of Congress is unconstitutional and void, and must fall for that reason, it necessarily drags down with it every string that is tied

to it. An unconstitutional law is no law, and therefore the amendment must fall because there was nothing to amend by.

*Solicitor General Mitchell,* with whom *Mr. Robert P. Reeder,* Special Assistant to the Attorney General, was on the brief, for the United States.

These provisions of the Act are clearly valid under the power to levy taxes. They are intended to produce revenue; they actually produce substantial revenue; they do not have the effect of prohibiting transactions; the taxes are not imposed as penalties for infraction of law, and there are no discriminating provisions to indicate that by colorable use of the taxing power Congress is attempting to invade the police power of the States.

The provisions of § 2 relating to order forms and possession of drugs and which have the effect, among other things, of preventing individuals, not registered physicians or legitimate dealers who have paid the required occupation taxes, from purchasing and possessing the drug other than by means of medical prescriptions, which provisions are the only ones heretofore seriously questioned, are readily severable, and the remainder of the Act may and should be sustained regardless of their validity.

The order-form provisions, aside from the one which prohibits sale of order forms to other than registered physicians and dealers, are clearly valid as tending to enforce the stamp and occupation tax provisions. In so far as they prevent the purchase by an unregistered individual of quantities of the drug exceeding his personal requirements, they are valid as enforcing the occupation tax on dealers, because such a purchase is only made by one who proposes to sell the drug. To the same extent the order-form provisions may be sustained as in aid of the Narcotic Drugs Import and Export Act, which prohibits the importation of the drugs in excess of an amount

required for medicinal and legitimate use, as they trace the use to which the imports are devoted and operate to disclose smuggling.

In addition the Opium Convention required the United States to enact such legislation. The public records show that the Harrison Act as amended has the double purpose of raising revenue and executing the treaty, and was enacted after the treaty had been signed, and the Act, by its terms, took effect after the treaty became operative. The public records show that no opium or coca leaves are produced in the United States, but all materials from which opium, morphine, or cocaine are derived are imported. The order form and possession clauses of Section 2 of the Harrison Act may not be held invalid without at the same time striking down the Opium Convention as beyond the treaty power. The narcotic problem has been historically proved to be an international problem, unsolvable except by general international agreement. If the narcotic problem is a proper subject of international agreement and the domestic legislation stipulated for in it is germane and reasonably required to make the international agreement effective, the treaty and the laws executing it are valid. That this is the case has been declared by the President and the Senate in negotiating and ratifying the treaty, by Congress in enacting this legislation to execute it, and by high Executive officials of the United States who have studied the problem.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

In the United States District Court, Southern District of Iowa, an indictment with three counts, filed December 2, 1924, charged Alston with violating § 1, Harrison Narcotic Act, approved December 17, 1914, c. 1, 38 Stat. 785, as amended February 24, 1919, c. 18, 40 Stat. 1057, 1130,

1131, by purchasing morphine and cocaine from unstamped packages. He pleaded "guilty" and was sentenced to the penitentiary. A writ of error took the cause to the Circuit Court of Appeals, Eighth Circuit, and it asked our instruction upon certain questions. Thereupon, we required the entire record to be sent here for final determination of the whole matter. § 239, Jud. Code.

Sections 1 and 6 of the Harrison Narcotic Act were amended by the Act of February 24, 1919, and, as thus amended, were reënacted without change by §§ 1005 and 1006, Revenue Act approved November 23, 1921, c. 136, 42 Stat. 227, 298, 300. The amending Act added the following provisions (among others) to Section 1.

"That there shall be levied, assessed, collected, and paid upon opium, coca leaves, any compound, salt, derivative, or preparation thereof, produced in or imported into the United States, and sold, or removed for consumption or sale, an internal-revenue tax at the rate of 1 cent per ounce, and any fraction of an ounce in a package shall be taxed as an ounce, such tax to be paid by the importer, manufacturer, producer, or compounder thereof, and to be represented by appropriate stamps, to be provided by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury; and the stamps herein provided shall be so affixed to the bottle or other container as to securely seal the stopper, covering, or wrapper thereof.

"The tax imposed by this section shall be in addition to any import duty imposed on the aforesaid drugs.

"It shall be unlawful for any person to purchase, sell, dispense, or distribute any of the aforesaid drugs except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of this section by the

person in whose possession same may be found; and the possession of any original stamped package containing any of the aforesaid drugs by any person who has not registered and paid special taxes as required by this section shall be prima facie evidence of liability to such special tax:. *Provided*, . . ."

Section 9 of the original Harrison Act has remained without change. It provides: " That any person who violates or fails to comply with any of the requirements of this Act shall, on conviction, be fined not more than $2,000 or be imprisoned not more than five years, or both, in the discretion of the court."

The judgment of the trial court is assailed upon two grounds: That Congress has failed to prescribe any punishment for the purchase of drugs from unstamped packages, forbidden by amended § 1.. And, that the entire Act, as amended, is invalid because Congress has undertaken thereby to regulate matters beyond its powers and within exclusive control of the States.

Section 9, above quoted, obviously applies to the requirements of the amended Act as well as to those found in the original. The first objection has no merit.

The present cause arises under those provisions of § 1 which impose a stamp tax on certain drugs and declare it unlawful to purchase or sell them except in or from original stamped packages. These provisions are clearly within the power of Congress to lay taxes and have no necessary connection with any requirement of the Act which may be subject to reasonable disputation. They do not absolutely prohibit buying or selling; have produced substantial revenue; contain nothing to indicate that by colorable use of taxation Congress is attempting to invade the reserved powers of the States. The impositions are not penalties.

The judgment of the trial court must be

*Affirmed.*