## PHILIPIAN v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit. July 5, 1927.

No. 4867.

1. Criminal law ⬯1033(2)—Objection that no venue was proved should be made in lower court.

Objection that venue was not proved should be first made in lower court.

2. Poisons ⬯2—Harrison Anti-Narcotic Act, prohibiting dealings in unstamped packages, is constitutional (Harrison Anti-Narcotic Act, § 1, as amended [Comp. St. § 6287g; U. S. Code, tit. 26, § 692]).

Harrison Anti-Narcotic Act, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St.

§ 6827g [U. S. Code, tit. 26, § 692]), prohibiting dealings in unstamped packages, is constitutional.

3. Poisons ⬯9—Indictment for violation of Anti-Narcotic Act, not showing defendant is physician, need not challenge rights peculiar to physicians (Harrison Anti-Narcotic Act, § 1, as amended [Comp. St. § 6287g; U. S. Code, tit. 26, § 692]).

Where an indictment for violation of Harrison Anti-Narcotic Act, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. § 6287g [U. S. Code, tit. 26, § 692]), does not show that defendant is a physician, it is not necessary that it should challenge the rights peculiar to physicians.

In Error to the District Court of the United States for the Eastern District of Michigan; John J. Gore, Judge.

Philip Philipian was convicted of violating the Harrison Anti-Narcotic Act, and he brings error. Affirmed.

Robert A. Kramer, of Cincinnati, Ohio (Richard Tabibian, of Detroit, Mich., on the brief), for plaintiff in error.

Merrill G. Miner, of Detroit, Mich., for the United States.

Before DENISON and MOORMAN, Circuit Judges, and HICKS, District Judge.

PER CURIAM. Prosecution under Harrison Act (U. S. C. S., § 6287g; U. S. Code, tit. 26, § 692). Count 1 plainly charges purchase of narcotics in or from an unstamped package; count 2 is probably intended to charge a sale thereof in or from an unstamped package.

[1-3] The case must be affirmed. The objection that no venue was proved was not made below. Section 1 of the act, to prohibit dealings in unstamped packages, as amended in 1919, is constitutional. Alston v. U. S., 47 S. Ct. 634, 71 L. Ed. ——, opinion filed May 16, 1927. When an indictment does not show that defendant was a physician, it is not necessary that it should challenge the rights peculiar to physicians. The narcotics in the form sold were put in evidence, but not sent up with the record. In one instance there was a package. We must assume that it was unstamped. Its possession would support the inference that defendant had purchased it in that unstamped form; the statutory inference goes at least as far as that. A conviction good on one count will support the sentence. The federal officers had no connection with the search and seizure. There was no request to charge as to the effect of an accomplice's testimony, nor any exception to the charge on this point.

The judgment is affirmed.