## McINTOSH v. WHITE, Warden.

Circuit Court of Appeals, Eighth Circuit.
October 5, 1927.

No. 7782.

**1. Habeas corpus ⚫═══92(1)—Sole questions, on habeas corpus for discharge of convict, are court's jurisdiction and power to pronounce sentence.**

Petition for habeas corpus to discharge petitioner from confinement after conviction for an offense presents solely questions whether petitioner was convicted by a court having jurisdiction of his person and of the offense, and whether sentence pronounced was in power of court.

**2. Habeas corpus ⚫═══4—Writ of habeas corpus cannot be used as substitute for writ of error.**

Neither application for writ of habeas corpus nor writ itself is available as substitute for writ of error.

**3. Criminal law ⚫═══1210—Petitioner, convicted on three counts and sentenced to 5 years' imprisonment on each, held properly committed to prison for 15 years.**

Statement by trial court to accused's attorney that, jury having found accused guilty on three counts, he would be sentenced to 5 years' imprisonment on each count separately, and judgment reciting that sentences should run consecutively, *held* to authorize clerk of court to issue warrant for commitment to penitentiary for 15 years.

**4. Poisons ⚫═══9—Indictment in separate counts, charging two separate sales of narcotics and transportation from one state to another, held to charge separate offenses.**

Indictment in separate counts, charging that accused, being a dealer in narcotics who had not registered nor paid special tax as required, had sold morphine sulphate to P., and under like circumstances had sold cocaine hydrochloride to B., and had unlawfully carried narcotics from Illinois to Indiana, *held* to charge three separate offenses, as against contention that only offense charged was failure to pay tax.

**5. Criminal law ⚫═══195(1)—Test of identity of offenses, as respects double jeopardy, is whether same evidence is required to sustain them.**

Test of identity of offenses, when double jeopardy is pleaded, is whether the same evidence is required to sustain them, and, if not, the fact that both charges relate to and grow out of one transaction does not make a single offense, where more than one is defined by the statute.

**6. Criminal law ⚫═══113—Federal court in Illinois had jurisdiction of offense of transporting narcotic drugs from Illinois to Indiana.**

Federal trial court in Illinois had jurisdiction of offense of transporting narcotic drugs from Illinois to Indiana, since intent to commit offense and commencement of transportation occurred in Illinois.

**7. Poisons ⚫═══9—Indictment for unlawful sale and transportation of narcotics held sufficient.**

Indictment charging unlawful sale and transportation of narcotics by dealer who had not registered nor paid required tax *held* sufficient to give trial court jurisdiction to decide whether it had jurisdiction, and to try the charges alleged in indictment and impose sentence thereunder.

**8. Criminal law ⚫═══4—Congress may punish separately each step leading to consummation of transaction, and also completed transaction.**

There is nothing in the Constitution preventing Congress from punishing separately each step leading to the consummation of a transaction which it has power to apprehend, and punishing also the completed transaction.

**9. Poisons ⚫═══2—Harrison Anti-Narcotic Act is constitutional (26 USCA §§ 211, 691 et seq.).**

The Harrison Anti-Narcotic Act (26 USCA §§ 211, 691 et seq. [Comp. St. § 6287g et seq.]) is constitutional.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Application for habeas corpus by George McIntosh against T. B. White, as Warden of the United States Penitentiary at Leavenworth, Kan. From an order dismissing the petition, petitioner appeals. Affirmed.

George McIntosh, in pro. per.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

WALTER H. SANBORN, Circuit Judge. The appellant in this case was arraigned, tried and convicted, and sentenced on the first, second, and sixth counts of the indictment against him in the United States District Court of the Southern District of Illinois. He sued out a writ of error from the United States Circuit Court of Appeals of the Seventh Circuit, and assigned 25 alleged errors, which were heard and adjudged against him by that court. McIntosh v. U. S., 1 F. (2d) 427.

The first count of the indictment charged that the appellant, being a person who was dealing in and selling morphine sulphate, and

who had not registered with the collector of internal revenue of the United States in the district as such dealer, and had not paid to the collector the special tax required by law, at Bloomington, Ill., sold on May 15, 1922, to Charles E. Penn one ounce of morphine sulphate without a written order on a form issued in blank by the Commissioner of Internal Revenue. The second count charged that appellant, on April 7, 1922, at Bloomington, Ill., under like circumstances, sold to Robert D. Brown 60 ounces of cocaine hydrochloride. The sixth count charged that the appellant on the 7th day of March, 1922, unlawfully carried from the city of Bloomington, Ill., to Robert D. Brown, in the city of South Bend, Ind., one ounce of morphine sulphate and one-half ounce of cocaine hydrochloride, not then being an employee acting within the scope of his employment of any person who had registered and paid the special tax, and not then and there being a person delivering such drugs that had been prescribed and dispensed by a physician, dentist, or veterinary surgeon, who had registered under the terms of the act and had been employed to prescribe for a particular person receiving such drug.

[1, 2] As Judge Phillips well said in Cardigan v. Biddle (C. C. A.) 10 F.(2d) 444, 446: "Where one seeks discharge from confinement after conviction for an offense upon a petition for habeas corpus, the sole questions presented are whether petitioner was convicted by a court having jurisdiction of his person and the offense, and whether the sentence pronounced was one within the power of the court. Tullidge v. Biddle (C. C. A. 8) 4 F.(2d) 897; Franklin v. Biddle (C. C. A. 8) 5 F.(2d) 19; Knewel v. Egan, 268 U S. 442, 445, 45 S. Ct. 522, 69 L. Ed. 1036." Nor is an application for a writ of habeas corpus, or the writ itself, available as a substitute for a writ of error.

[3] The first complaint of the appellant is that the clerk of the trial court was without authority to issue the warrant of the court for his commitment to the penitentiary at Leavenworth for 15 years, because on page 502 of the bill of exceptions in the appellant's case in the Circuit Court of Appeals of the Seventh Circuit this colloquy appears to have been had after the jury returned its verdict.

"The Court: Now, in this case, you can take the matter up and sue out a writ of error any time. But in this case this defendant is absolutely innocent, or else he merits any punishment that can be meted out to him under the law. The jury has found that he was guilty on three counts, and he will be fined $2,000 on each count and sentenced to five years' imprisonment in the United States Penitentiary at Leavenworth, Kansas, on each count. Thirty days to file a bill of exceptions.

"Mr. Schroeder: May I ask if the sentences will run concurrently or separately.

"The Court: No, sir; separately."

The contention of the appellant is that the word "separately" here means concurrently, all running and stopping at the same time, like the four wheels of a wagon. But in our opinion that was not the sense in which the judge used the word, and we are confirmed in this view by the judgment of the trial court, which reads:

"It is therefore considered and adjudged by the court that the said defendant, George McIntosh, for the offense by him committed in manner and form as charged in counts 1, 2, and 6 of the indictment No. 17385, and as found by the jury in this case, be confined in the United States penitentiary at Leavenworth, Kansas, for a period of five years on each of said counts 1, 2, and 6, said sentence to run consecutively, and to pay a fine to the United States in the sum of $2,000, on each of said counts 1, 2, and 6, making a total fine of $6,000."

[4, 5] The second contention of the appellant is that there was but one offense charged in the three counts of the indictment, and that was the failure to register and pay the tax. But the failure to register or pay the tax would not have constituted the offense charged in either of the counts, unless the respective sales in the first and second counts and the transportation in the sixth count were charged. The offenses charged were separate and independent; the evidence necessary to sustain any one of the three offenses charged in the three counts would not have supported either of the other two. "The test of identity of offenses, when double jeopardy is pleaded, is whether the same evidence is required to sustain them; and, if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense, where more than one are defined by the statute. Gavieres v. U. S., 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489." Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153.

[6] Another argument of the appellant is that the trial court, the United States District Court for the Southern District of Illinois, had no jurisdiction of the alleged offense of carrying the drugs from the state of Illinois to the state of Indiana. But, as the intent to commit the offense and the commencement

of the transportation must have been before the carrier transported the drugs across the line between the states, the federal District Court of the Southern District of Illinois had plenary jurisdiction of the offense. Cardigan v. Biddle (C. C. A.) 10 F.(2d) 444, 446.

[7] The appellant insists that the indictment made no statement at all of either of the three offenses referred to therein; that averments in each of the counts of the indictment were so vague, indefinite, and uncertain as to constitute no bar to a subsequent prosecution for the same offense; that the facts that the appellant was not at all times acting in his professional capacity as a physician, that he was a licensed physician, and that there were other alleged defects in the indictment were not alleged. But the question presented on this appeal is: Were the allegations in the counts challenged so defective that they did not warrant the exercise of the jurisdiction of the trial court to consider and decide the question whether or not that court had jurisdiction to decide that issue? The trial court necessarily considered the question of its own jurisdiction. It must have decided that it had such jurisdiction, or it would not have tried the appellant. We have stated in the earlier part of this opinion the substance of each of the charges of the three offenses alleged in the indictment, omitting formal parts not material here, and we are satisfied that they were ample to give the trial court jurisdiction to decide whether it had jurisdiction, and to try the three charges in the indictment under consideration, and to impose the sentence it adjudged.

[8, 9] Finally, Mr. McIntosh earnestly and forcibly argues: (1) That the only offense charged in this indictment was the defendant's failure to pay the revenue tax; but the Supreme Court has declared that: "There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction. The precise question does not appear to have been discussed in either this or a lower federal court in connection with the National Prohibition Act (27 USCA), but the general principle is well established. Compare Burton v. United States, 202 U. S. 344, 377, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392; Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489; Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153." Albrecht et al. v. U. S., 273 U. S. 1, 47 S. Ct. 250, 254, 71 L. Ed. 505. And (2) that the Harrison Anti-Narcotic Act (26 USCA §§

211, 691 et seq. [Comp. St. § 6287g et seq.]) is unconstitutional; but the Supreme Court has decided otherwise. United States v. Doremus, 249 U. S. 86, 39 S. Ct. 214, 63 L. Ed. 493; Webb v. U. S., 249 U. S. 96, 39 S. Ct. 217, 63 L. Ed. 497; Alston v. U. S., 274 U. S. 289, 47 S. Ct. 634, 71 L. Ed. 1052.

The claim of Mr. McIntosh that he is illegally deprived of his rights under the parole law has not been considered or decided in this case, because under his sentence, as we understand it, the time has not yet arrived when he is entitled to exercise any right of parole. The order of the judge below, sustaining the motion to dismiss the petition for the writ of habeas corpus and adjudging the dismissal thereof, must be and it is

Affirmed.