## GERARDI v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
February 2, 1928.

No. 2155.

1. Poisons ⟿9—Where indictment for possession of and sale of narcotics alleged defendant was person required to register, allegation was material part of offense to be proved (Harrison Anti-Narcotic Act, § I, as amended by Revenue Act 1926 [26 USCA §§ 211, 691–695, 704], and § 8 [26 USCA § 700]).

Where an indictment charged defendant in three counts with possession of morphine hydrochloride, an opium derivative, and in two counts with its sale, and in all of the counts alleged that he was required to register, but had not done so, and had not paid the special tax required, the allegation that defendant was a person required to register was a material part of the offense to be proved, under Harrison Anti-Narcotic Act, § 1, as amended by Revenue Act 1926 (26 USCA §§ 211, 691–695, 704), and section 8 (26 USCA § 700; Comp. St. § 6287n).

2. Poisons ⟿2—Only persons selling narcotics in or from an original stamped package are liable to tax payment (Harrison Anti-Narcotic Act, § I, as amended by Revenue Act 1926 [26 USCA §§ 211, 691–695, 704]).

Under Harrison Anti-Narcotic Act, § 1, as amended by Revenue Act 1926 (26 USCA §§ 211, 691–695, 704), it is only those persons who sell from or in an original stamped package who are liable to the payment of the tax provided.

3. Poisons ⟿9—Proof of narcotic sales alone held not proof defendant was required to register, so as to place burden on him to show registration (Harrison Anti-Narcotic Act, § I, as amended by the Revenue Act 1926 [26 USCA §§ 211, 691–695, 704]; § 8 [26 USCA § 700]).

In prosecution for violation of Harrison Anti-Narcotic Act, § 1, as amended by Revenue

Act 1926 (26 USCA §§ 211, 691–695, 704), and section 8 (26 USCA § 700; Comp. St. § 6287n), wherein it was alleged that defendant was required to register, but had not done so, proof of sales of morphine hydrochloride, without showing that they were from an original stamped package, held not proof defendant was required to register, so as to place the burden on him to show registration.

4. Poisons ⟿9—Possession of narcotics under statutory provision creates no presumption of statutory violation, where necessity for accused's registering is not shown (Harrison Anti-Narcotic Act, § I, as amended by Revenue Act 1926 [26 USCA §§ 211, 691–695, 704]; § 8 [26 USCA § 700]).

The possession by an accused under the provisions of Harrison Anti-Narcotic Act, § 8 (26 USCA § 700; Comp. St. § 6287n) creates no presumption of a violation of that section, or of section 1 of the act, as amended by Revenue Act 1926 (26 USCA §§ 211, 691–695, 704), in the absence of a showing that defendant was a person required to register.

5. Poisons ⟿9—There is no presumption of violation of narcotic seller's registration provisions, in absence of showing seller was required to register (Harrison Anti-Narcotic Act, § I, as amended by Revenue Act 1926 [26 USCA §§ 211, 691–695, 704]; § 8 [26 USCA § 700]).

There is no presumption of a violation of the Harrison Anti-Narcotic Act because of a seller's nonregistration under section 1 of the act, as amended by Revenue Act 1926 (26 USCA §§ 211, 691–695, 704), and section 8 thereof (26 USCA § 700; Comp. St. § 6287n), in the absence of a showing that the person accused of violating the law was required to register thereunder.

Anderson, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Daniel Gerardi was convicted of possession of an opium derivative and of its sale, and he brings error. Judgment vacated, verdict set aside, and case returned to District Court, with instructions to grant defendant new trial.

William H. Lewis, of Boston, Mass. (Matthew L. McGrath, of Boston, Mass., on the brief), for plaintiff in error.

John V. Spalding, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Gloucester, Mass., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The defendant was convicted in the District Court of Massachusetts upon an indictment which charged him in three counts with possession

of morphine hydrochloride, an opium derivative, and in two counts with its sale. In all the counts it is alleged that he was required to register, but had not registered, with the collector of internal revenue, and had not paid the special tax required by law. He was found guilty upon all the counts, and sentenced upon each to serve a term of three years at hard labor in the United States penitentiary at Atlanta, the sentences to run concurrently.

One of the errors assigned, and the only one that we find it necessary to consider, is that the court denied the request of the defendant to instruct the jury to bring in a verdict of not guilty upon all the counts, because the government had not sustained the burden of proof.

The Harrison Anti-Narcotic Act under which he was convicted was approved December 17, 1914 (38 Stat. 785, c. 1), and amended February 24, 1919 (40 Stat. 1057, 1130, 1131). Section 1 of the act was amended by the Revenue Act of 1926 (44 Stat. c. 27, § 703 [26 USCA §§ 211, 691–695, 704]). The act is entitled "An act to provide for the registration of, with collectors of internal revenue, and to impose a special tax upon all persons who produce, import, manufacture, compound, deal in, dispense, sell, distribute, or give away opium or coca leaves, their salts, derivatives, or preparations, and for other purposes."

Its constitutionality has been sustained on the ground that it is a revenue act, enacted under the power conferred upon Congress to levy taxes, and that its purpose is not to prohibit the sale of the substances with which it deals. United States v. Doremus, 249 U. S. 86, 39 S. Ct. 214, 63 L. Ed. 493; Webb et al. v. United States, 249 U. S. 96, 39 S. Ct. 217, 63 L. Ed. 497; Alston v. United States, 274 U. S. 289, 47 S. Ct. 634, 71 L. Ed. 1052. In discussing the provisions of the act before it in the last-named case, the court said:

"These provisions are clearly within the power of Congress to lay taxes and have no necessary connection with any requirement of the act which may be subject to reasonable disputation. They do not absolutely prohibit buying or selling; have produced substantial revenue; contain nothing to indicate that by colorable use of taxation Congress is attempting to invade the reserved powers of the States. The impositions are not penalties."

Section 1 of the act as re-enacted is, in part, as follows:

"Section 1. That on or before July 1 of each year every person who imports manufactures; produces, compounds, sells, deals in, dispenses, or gives away opium or coca leaves, or any compound, manufacture, salt, derivative, or preparation thereof, shall register with the collector of internal revenue of the district his name or style, place of business and place or places where such business is to be carried on, and pay the special taxes hereinafter provided."

The section then classifies those who are to register and pay the tax, and fixes the amount to be paid by each class. It defines a wholesale dealer as one who sells any of said drugs in the original stamped packages, and a retail dealer as one who sells or dispenses from original stamped packages. It provides that an internal revenue tax at the rate of one cent per ounce, and the same rate on any fraction of an ounce, shall be paid by the importer, manufacturer, producer, or compounder of the narcotic drugs therein enumerated, said tax to be represented by appropriate stamps to be provided by the Commissioner of Internal Revenue and which shall be so affixed to the bottle or other container as to securely seal the stopper, covering, or wrapper. It also provides that: "It shall be unlawful for any person required to register under the provisions of the act to import, manufacture, produce, compound, sell, deal in, dispense, distribute, administer, or give away any of the aforesaid drugs without having registered and paid the special tax as imposed by this section." It further provides that: "It shall be unlawful for any person to purchase, sell, dispense, or distribute any of the aforesaid drugs except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of the violation of this section by the person in whose possession same may be found; and the possession of any original stamped package containing any of the aforesaid drugs by any person who has not registered and paid special taxes as required by this section shall be prima facie evidence of liability to such special tax."

Congress thus made its intention clear to confine the sale of narcotic drugs to those which had been stamped according to the provisions of the act, and by those who had registered and paid the special tax.

It will be noted that only the possession of a stamped package creates a presumption of liability to register and pay the special tax.

The section further makes it unlawful for any person, whether registered or not, to sell or purchase said drugs in or from an unstamped package.

Two offenses are therefore defined by the act: (1) The sale of stamped packages by one required to register and pay the special tax but who has failed to do so; and (2) the sale of unstamped packages by any one, whether required to register or not.

Section 8 of the act (26 USCA § 700; Comp. St. § 6287n) is, in part, as follows:

"It shall be unlawful for any person not registered under the provisions of this act, and who has not paid the special tax provided for by this act, to have in his possession or under his control any of the aforesaid drugs; and such possession or control shall be presumptive evidence of a violation of this section, and also of a violation of the provisions of section 1 of this act."

[1] In United States v. Jin Fuey Moy, 241 U. S. 394, 36 S. Ct. 658, 60 L. Ed. 1061, the Supreme Court held that the words "any person not registered" refer to the class dealt with by the statute—those required to register. Each count in the indictment alleges that the defendant was a person required to register and pay a special tax and that he had not done so. The allegation that he was required to register was a material part of the offense. Butler v. United States (C. C. A.) 20 F.(2d) 570; O'Neill v. United States (C. C. A.) 19 F.(2d) 322; Weaver v. United States (C. C. A.) 15 F.(2d) 38. See, also, Taylor v. United States (C. C. A.) 19 F.(2d) 813.

[2-4] The government contends that the evidence that the defendant sold morphine hydrochloride was proof that he was a person required to register, and that having shown this the burden was upon the defendant to prove that he had registered and paid the special tax, citing a large number of cases in which this has been held. He would not be liable, however, to the payment of any special tax unless he sold in the original stamped package, in which case he would fall under the definition of a wholesale dealer given in the act, or if he sold from a stamped package he would fall under the definition of a retail dealer. It is only those persons who sell in or from an original stamped package who are liable to the payment of the tax. As there was no evidence in this case that the sales made by the defendant were in or from the original stamped packages, proof of the sales alone would not constitute proof that the defendant was required to register. Nor would possession by him under the provisions of section 8 of the act create a presumption of a violation of that section or of section 1 of the act unless it were shown that he was a person required to register. United States v. Jin Fuey Moy, supra.

[5] The allegation in each count in the indictment that the defendant was a person required to register would not apply to the possession of or sale in or from unstamped packages, and to prove the defendant guilty it was necessary that there should have been evidence that the sales were in or from original stamped packages. The motion for a directed verdict should have been granted.

The judgment of the District Court is vacated, the verdict set aside, and the case returned to that court, with instructions to grant the defendant a new trial.

ANDERSON, Circuit Judge, dissents.