## COOK v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
June 4, 1929.

No. 8206.

J. B. Dudley, of Oklahoma City, Okl. (James H. Mathers, of Oklahoma City, Okl., and Victor A. Sniggs, on the brief), for appellant.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl. (Herbert K. Hyde, Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before KENYON, Circuit Judge, and FARIS AND SANBORN, District Judges.

SANBORN, District Judge. The appellant was tried, convicted, and sentenced in the District Court of the United States for the Western District of Oklahoma under the fourth count of an indictment charging her with having, on the 7th day of January, 1927, at a named place within the district, sold four ounces of morphine, "said morphine not being in the original stamped package or from the original stamped package."

The appellant raises four questions: (1) The constitutionality of the Harrison Narcotic Act. (2) The sufficiency of the fourth count of the indictment. (3) The sufficiency of the evidence to sustain a conviction under that count. (4) The propriety of the government cross-examining one of its own witnesses.

██ The first two questions are answered adversely to the appellant by the cases of Alston v. United States, 274 U. S. 289, 47 S. Ct. 634, 71 L. Ed. 1052, and Nigro v. United States, 276 U. S. 332, 48 S. Ct. 388, 72 L. Ed. 600.

█ We have no doubt as to the sufficiency of the evidence to support the conviction. It would serve no useful purpose to set forth in detail the testimony of the government's witnesses. Suffice it to say that it is typical of this class of cases. It indicates that an opportunity was afforded to the defendant by the government officers to make a sale to decoys who had been furnished with marked money, the overhearing of negotiations for the sale, the transfer of the morphine in unstamped packages, and the finding of the marked money on the defendant. The evidence of the government was disputed by the defendant, but the jury

found the facts against her, which it had a right to do.

It appears that upon the trial the government was surprised by the testimony of one of its witnesses, and the court permitted cross-examination. All of this evidence related to a sale of morphine alleged by the government to have been made December 30, 1926, and had to do with the third count of the indictment, which was dismissed by the court on motion of the defendant. The question therefore is not before us.

The judgment is affirmed.