### HOOD v. UNITED STATES.
### No. 1165.

Circuit Court of Appeals, Tenth Circuit.
March 15, 1935.

John Howard Payne and Warren K. Snyder, both of Oklahoma City, Okl., for appellant.

William C. Lewis, U. S. Atty., and George E. Massey, Jr., Asst. U. S. Atty., both of Oklahoma City, Okl.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This was a prosecution for the unlawful possession and sale of narcotics. The first count in the indictment charged the sale of a certain derivation of opium, namely, 259 grains of morphine hydrochloride not being in the original stamped package or from it. The second charged a similar sale of 298 grains, and the third charged possession of the morphine described in the second count. Appellant was convicted on the first and second counts and acquitted on the third.

■ The first contention is that the court erred in overruling the demurrer to the indictment and in denying the motion in arrest of judgment. Both attacked the indictment on the ground that it was vague, indefinite, and uncertain and failed to allege facts constituting an offense. The first and second counts each charged in clear, definite, and unmistakable language that appellant and Alva West, alias "Cannon Ball" West, unlawfully, willfully, knowingly, and feloniously sold a certain quantity of a specified derivation of opium to a named person at a designated place, and on a fixed date; also that it was not then and there in the original package or from it. That was sufficient. Nothing more was necessary. It has been so declared repeatedly. Stubbs v. United States (C. C. A.) 1 F.(2d) 837; Barker v. United States (C. C. A.) 6 F.(2d) 149; Smith v. United States (C. C. A.) 17 F.(2d) 723; Reese v. White (C. C. A.) 25 F.(2d) 65; Cook v. United States (C. C. A.) 33 F.(2d) 509; Stokes v. United States (C. C. A.) 39 F.(2d) 440.

■ Appellant sought a bill of particulars setting forth the contention of the government with respect to the acts and manner in which he participated in the alleged offense and the extent of his participation. In short, he desired the government to detail its evidence in a bill of particulars. The indictment charged the kind and quantity of opium sold, the date and place of sale, and the name of the purchaser in each instance. That was enough to enable appellant to prepare his defense. The motion failed to allege that without the additional information he was handicapped in the preparation of his defense. In view of the completeness of the allegations in the indictment, he was not entitled to a bill of particulars virtually detailing the evidence upon which the government would rely at the trial. Moreover, a motion for bill of particulars is addressed to the sound discretion of the trial court, and its denial will not be disturbed on appeal unless that discretion has been abused. Wong Tai v. United States, 273 U. S. 77, 47 S. Ct. 300, 71 L. Ed. 545; Parnell v. United States (C. C. A.) 64 F.(2d) 324, 325; Billingsley v. United States (C. C. A.) 16 F.(2d) 754; O'Neill v. United States (C. C. A.) 19 F.(2d) 322. No such abuse is shown here.

■ The correctness of the instructions in certain particulars is argued in the brief of appellant. No exception was taken to the instructions; no requested instructions were tendered; and the question is not presented by assignment of error. No plain or serious error is involved, and, accordingly, the contention cannot be considered.

The judgment comes here without error. It is affirmed, and the mandate will issue forthwith.