## MAUK v. UNITED STATES.

### No. 8243.

Circuit Court of Appeals, Ninth Circuit.

Feb. 15, 1937.

S. L. Staats, of Portland, Or., for appellant.

Carl C. Donaugh, U. S. Atty., and M. B. Strayer, Asst. U. S. Atty., both of Portland, Or.

Before DENMAN, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant was convicted and sentenced on each of thirteen counts of an indictment charging violations of section 2 of the Harrison Narcotic Act of December 17, 1914, c. 1, 38 Stat. 786 (26 U.S.C.A. § 1044), which provides: "It shall be unlawful for any person to sell, barter, exchange, or give away any of the afore-

said drugs [drugs mentioned in section 1040(a)][1] except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Commissioner......"

■ Reversal is sought on the ground that the trial court erred in overruling appellant's demurrer to the indictment and to each count thereof. The first ground of appellant's demurrer is that the indictment does not in any count thereof state facts sufficient to constitute a public offense. Count 1 alleges:

."That [appellant], a physician who had duly registered and paid the special tax as required by the [Harrison Narcotic Act], on the 26th day of October, 1935, at Portland, in the State and District of Oregon, and within the jurisdiction of this court, then and there being, did then and there, unlawfully, knowingly, feloniously and willingly sell, barter, exchange and give away to one George Morey a quantity, to-wit: twenty-five (25) grains of a certain compound, manufacture, salt, derivative and preparation of opium, to-wit: morphine sulphate, not in pursuance of any written order of the said George Morey on a form issued for that purpose by the Commissioner of Internal Revenue of the United States, and not in good faith and not in the course of his professional practice only, the said selling, bartering, exchanging and giving away being done and effected through a written order of [appellant], in the form of a prescription signed by [appellant], which said prescription called for the delivery to the said George Morey of the amount of the drug above described; that [appellant] then and there intended that the said George Morey should obtain the said drugs from a druggist upon and by means of said order; that the said George Morey did thereafter obtain upon and by means of said order, drugs of the amount and kind above described pursuant to said prescription.

"That the said George Morey did not then and there require the administration of morphine sulphate by reason of any dis-

ease and that [appellant] did not sell, barter, exchange or give away any of said drugs for the purpose of treating any disease; but that said drugs were sold, bartered, exchanged and given away by [appellant] in the form in which such drugs are usually consumed by persons addicted to the habitual use thereof, to satisfy their cravings therefor, and were adapted to such consumption and were so sold, bartered, exchanged and given away by [appellant] with the intent that the said drugs should be used for such purpose; contrary to the form of the statute in such case made and provided."

Counts 9 and 11 charge sales of cocaine, instead of morphine sulphate. Otherwise, except as to dates, amounts, and names of purchasers, counts 2 to 13, inclusive, are similar to count 1. Each count sufficiently charges a violation of the above-quoted provision of the Harrison Narcotic Act. Compare Nelms v. United States (C.C.A.9) 22 F.(2d) 79; Du Vall v. United States (C.C.A.9) 82 F.(2d) 382.

■ There is no merit in appellant's contention that the Harrison Narcotic Act (38 Stat. 785, as amended) is an attempt, under the guise of taxation, to regulate purely intrastate matters and, therefore, unconstitutional. The act, in its original form, was upheld against a similar attack in United States v. Doremus, 249 U.S. 86, 39 S.Ct. 214, 63 L.Ed. 493. It is true that, because of later decisions[2] holding unconstitutional certain acts of Congress, which purported to be, but were not in reality, revenue acts, a doubt as to the correctness of the Doremus decision was expressed in United States v. Daugherty, 269 U.S. 360, 362, 46 S.Ct. 156, 70 L.Ed. 309. Subsequently, however, the act was so amended[3] as to make of it—whatever it may have been before—a genuine taxing act, thus removing any doubt as to its constitutionality. Alston v. United States, 274 U.S. 289, 294, 47 S.Ct. 634, 71 L.Ed. 1052; Nigro v. United States, 276 U.S. 332, 353, 48 S.Ct. 388, 394, 72 L.Ed. 600.

■ The second ground of appellant's demurrer is that the provision of section 2

---

[1] Opium or cocoa leaves or any compound, manufacture, salt, derivative or preparation thereof.

[2] Child Labor Tax Case, 259 U.S. 20, 42 S.Ct. 449, 66 L.Ed. 817, 21 A.L.R. 1432; Hill v. Wallace, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822.

[3] Revenue Act of 1918 (Act of February 24, 1919), §§ 1006, 1007, 40 Stat. 1130, 1132; Revenue Act of 1921, §§ 1005, 1006, 1301, 42 Stat. 298, 300, 308; Revenue Act of 1924, §§ 705, 706, 1022, 43 Stat. 328, 330, 347; Revenue Act of 1926, §§ 703, 704, 1119, 44 Stat. 96, 98, 120 (26 U.S.C.A. §§ 1040–1043).

of the Harrison Narcotic Act (26 U.S.C.A. § 1044(g) that "it shall be unlawful for any person to obtain by means of said order forms any of the aforesaid drugs for any purpose other than the use, sale, or distribution thereof by him in the conduct of a lawful business in said drugs or in the legitimate practice of his profession," is unconstitutional. Since appellant is not indicted under or accused of violating this provision, he has no interest or standing to question its validity. That question is not before us and will not be considered.

The third and last ground of appellant's demurrer is that "there is no provision of the Harrison Narcotic Act which limits the amount of said drugs that a physician may prescribe." The indictment in this case does not charge appellant with exceeding any such limit. Whether the act does or does not impose such a limit is, therefore, immaterial.

Judgment affirmed.