## UNITED STATES v. FLEISH et al.
### No. 24766.

United States District Court
E. D. Michigan, S. D.
Sept. 16, 1949.

---

5. Page v. Myers, supra.

274

Edward T. Kane, U. S. Atty., Detroit, Mich., Vincent Fordell, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Samuel H. Goldfine, Detroit, Mich., for defendant.

KOSCINSKI, District Judge.

Louis Fleish, and three others, were charged in a 27-count indictment filed against them in this District with violations of the National Firearms Act, 26 U.S.C.A. §§ 1132b, 1132e, and 1132d [Internal Revenue Code, 26 U.S.C.A. § 2720 et seq.]. Upon conviction following trial by jury Louis Fleish was sentenced to be imprisoned for five years on each of Counts 1, 3, 12, 15, 18, and 21, said terms of imprisonment to run consecutively. The judgment was affirmed on appeal. Fleish v. United States, 6 Cir., 123 F.2d 1015.

He has now served ten years of the thirty-year sentence originally imposed. He filed a petition in this court to vacate the sentences on the remaining four counts, claiming that the six counts on which he was originally sentenced described only two and not six separate crimes and that he was therefore illegally sentenced on all the six counts.

After serving five years of his imprisonment in Alcatraz penitentiary he applied in the District of Northern California for a writ of habeas corpus, claiming that all six counts charged only one crime and that he was illegally imprisoned on the remaining five counts. In affirming the District Court's dismissal of petitioner's application for the writ of habeas corpus the Court of Appeals, 9th Circuit, Fleish v. Johnston, 145 F.2d 16, 17 said:

"The claim that all six counts in the indictment charge one crime is unfounded. The offense alleged in Count One is distinct from that alleged in the other five counts. This court has recently held that the possession of a firearm which has not been registered and the possession of the same firearm upon which the transfer tax has not been paid constitute two distinct offenses, Crapo v. Johnston, 9 Cir., 144 F.2d 863. The reasoning of that decision is equally applicable to the facts herein.

"Counts Three, Twelve, Fifteen, Eighteen, and Twenty-one charge offenses distinct from each other. * * *

" * * * the nonregistration of any one firearm in one's possession constitutes a complete offense separate and distinct from the nonregistration of any other such firearm. Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151; McKee v. Johnston, 9 Cir., 109 F.2d 273."

In Count 1 defendant Fleish was charged with the possession of a transferred firearm on which the required tax had not been paid; in Count 3 he was charged with failure to register the same firearm. They are separate and distinct offenses involving a penalty for each violation. In each of the remaining four counts a different firearm is involved, and separately marked as four different exhibits in the trial of the case.

The defendant relies on the case of Rutkowski v. United States, 6 Cir., 149 F.2d 481. That case, however, is readily distinguishable from the facts appearing in this case. "The test of whether offenses charged in two or more counts in an indictment constitute separate and distinct crimes is whether each count requires proof of an additional fact which is not required by others." (Syl. 1.)

Defendant also argues that he has been placed twice in jeopardy for the same offense. Inasmuch as he has been sentenced on six counts for six different violations of the laws of the United States, albeit

these violations may have occurred at the same time, he has neither been placed twice in jeopardy for the same offense, nor has he been prosecuted for, convicted, and sentenced for the same violation on two or more of the six counts. Here, different proof was required to convict on each of the six counts. The test is whether the same evidence is required to sustain the offenses and, if it is not, the mere fact that the charges described here in the six counts relate to and grow out of the same transaction, does not necessarily make a single offense. Michener v. U. S., 8 Cir., 157 F.2d 616, 618; Remaley v. Swope, 9 Cir., 100 F.2d 31; Rutkowski v. U. S., supra.

Petitioner also contends that the National Firearms Act is unconstitutional being in excess of the powers of Congress to enact, and as invading the domain of the states in regulating the sales of firearms within their borders.

In U. S. v. Miller, 307 U.S. 174, 59 S.Ct. 816, 818, 83 L.Ed. 1206, the court said that the Act was not unconstitutional in the following language: "Considering Sonzinsky v. U. S., 1937, 300 U.S. 506, 513, 57 S.Ct. 554, 81 L.Ed. 772, and what was ruled in sundry causes arising under the Harrison Narcotic Act—U. S. v. Jin Fuey Moy, 1916, 241 U.S. 394, 36 S.Ct. 658, 60 L.Ed. 1061, Ann.Cas.1917D, 854; U. S. v. Doremus, 1919, 249 U.S. 86, 94, 39 S.Ct. 214, 63 L.Ed. 493; Linder v. U. S., 1925, 268 U.S. 5, 45 S.Ct. 446, 69 L.Ed. 819, 39 A.L.R. 229; Alston v. U. S., 1927, 274 U.S. 289, 47 S.Ct. 634, 71 L.Ed. 1052; Nigro v. U. S., 1928, 276 U.S. 332, 48 S.Ct. 388, 72 L.Ed. 600—the objection that the Act usurped police power reserved to the States is plainly untenable."

See also U. S. v. Adams, D.C., 11 F.Supp. 216. When the United States exerts any of the powers conferred upon it by the Constitution, no valid objection can be made based upon the fact that such exercise may be attended by the same incident which attends an exercise by a state of its police power. Ruppert v. Caffey, 251 U.S. 264, 300, 40 S.Ct. 141, 64 L.Ed. 260.

Lastly, petitioner charges that the five year terms on each of the six counts to run consecutively is cruel and unusual punishment, in violation of the Constitution. Where, as here, the petitioner was in possession of sub-machine guns, rifle silencers, pistol or revolver silencers, under the circumstances appearing in this case, it cannot be said that the punishment was either cruel or unusual, or disproportionate to the gravity of the offense.

Petitioner's motion for vacation of his sentence will be overruled.