**Allen THOMAS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 59617.**

Supreme Court of Missouri,
en banc.

April 11, 1977.

Fred Boeckmann, Clayton, for appellant.

Robert L. Presson, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

Appellant, Allen Thomas, was convicted of robbery in the first degree by means of a dangerous and deadly weapon by a jury in the Circuit Court of the City of St. Louis and his punishment was assessed at imprisonment for a term of fifteen years. Following rendition of judgment and imposition of sentence, an appeal was taken to the St. Louis District of the Court of Appeals where the judgment of conviction was affirmed. *State v. Thomas*, 530 S.W.2d 265 (Mo.App.1975).

On February 11, 1976, appellant filed a motion to vacate under Rule 27.26 in the Circuit Court of the City of St. Louis. Among the points raised in the motion to vacate was that appellant "was subjected to double jeopardy when he received an instruction from the Court on felony-murder and the court erroneously allowed the jury * * * to consider a verdict of robbery along with the felony-murder."

On April 26, 1976, the motion to vacate was overruled and an appeal was taken to this Court.

■ This Court does not have jurisdiction of this case under Art. V, § 3, Const. of Missouri. We retain and decide the case under authority of Art. V, § 10, Const. of Missouri, for the reasons stated in *Foremost-McKesson, Inc. v. Davis*, 488 S.W.2d 193, 196 (Mo.banc 1972).

On appeal, appellant complains that the "trial court * * * gave separate instructions on felony murder and robbery. The jury was instructed to consider the alleged robbery in the murder instruction and again in the separate robbery instruction. Appellant was thereby subjected to double jeopardy in violation of the Fifth Amendment of the United States Constitution and of Art. I, Section 19 of the Missouri Constitution."

The instructions referred to were as follows:

"INSTRUCTION NO. 4

"As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

"First, that on or about January 26, 1974, in the City of St. Louis, State of Missouri, the defendant, Cleveland Owens and Myrtle Marie Poe caused the death of Edgar C. Clark by stabbing him, and

"Second, that he did so in robbing Edgar C. Clark,

"Third, that the defendant knowingly and with common purpose acted together with Cleveland Owens and Myrtle Marie Poe who engaged in the conduct submitted in the above paragraphs,

then you will find the defendant guilty under Count I of murder in the first degree in connection with robbery.

"However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty under Count I of that offense. 'Robbery' is the unlawful taking of the property of another from his person or in his presence and against his will either by the use of violence to the person of the possessor of such property with intent to steal or by putting him in fear of immediate injury to his person with intent to steal.

"INSTRUCTION NO. 5

"As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

"First, that on or about January 26, 1974, in the City of St. Louis, State of Missouri, Edgar C. Clark owned clothes and two radios, and

"Second, that at that time and place the defendant, Cleveland Owens and Myrtle Marie Poe, by means of a deadly and dangerous weapon, took the property from Edgar C. Clark against his will by causing him to fear immediate injury to his person, and

"Third, that the defendant, Cleveland Owens and Myrtle Marie Poe, took the property with the intent to permanently deprive Edgar C. Clark of the property and to convert it or any part of it to his own use,

"Fourth, that the defendant knowingly and with common purpose acted together with Cleveland Owens and Myrtle Marie Poe who engaged in the conduct submitted in the above paragraphs,

then you will find the defendant guilty under Count II of robbery in the first degree by means of a deadly and dangerous weapon.

"However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense."

Article I, § 19 of the Constitution of Missouri provides that no person shall "be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury * * *." The Fifth Amendment to the Constitution of the United States provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb * * *."

The essential question, as to both Constitutions, is whether murder committed in the perpetration of robbery is the same offense as robbery.

In *Blockburger v. United States*, 284 U.S. 299, 303, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), the indictment under the Harrison Narcotic Act contained, with others, a count which charged a sale of eight grains of the drug not in or from the original stamped package and a count which charged the same sale as having been made not in pursuance of a written order of the purchaser as required by statute. The Court held that two distinct statutory offenses were committed by the single sale and said:

"Two. Section 1 of the Narcotic Act creates the offense of selling any of the forbidden drugs except in or from the original stamped package; and § 2 creates the offense of selling any of such drugs not in pursuance of a written order of the person to whom the drug is sold. Thus, upon the face of the statute, two distinct offenses are created. Here there was but one sale, and the question is whether, both sections being violated by the same act, the accused committed two offenses or only one.

"The statute is not aimed at sales of the forbidden drugs *qua* sales, a matter entirely beyond the authority of Congress, but at sales of such drugs in violation of the requirements set forth in §§ 1 and 2, enacted as aids to the enforcement of the stamp tax imposed by the act. See *Alston v. United States*, 274 U.S. 289, 294, 47 S.Ct. 634, 71 L.Ed. 1052; *Nigro v. United States*, 276 U.S. 332, 341, 345, 351, 48 S.Ct. 388, 72 L.Ed. 600.

"Each of the offenses created requires proof of a different element. The appli-cable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Gavieres v. United States*, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489, and authorities cited. In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in *Morey v. Commonwealth*, 108 Mass. 433: 'A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' Compare *Albrecht v. United States*, 273 U.S. 1, 11–12, 47 S.Ct. 250, 71 L.Ed. 505, and cases there cited. Applying the test, we must conclude that here, although both sections were violated by the one sale, two offenses were committed."

The offense of murder requires proof of the fact of homicide. The offense of robbery requires proof of the fact of taking property from another against his will. Murder and robbery are not the same offense under the Fifth Amendment to the United States Constitution.

In *State v. Moore*, 326 Mo. 1199, 33 S.W.2d 905, 906, 907 (1930), defendant entered a plea of guilty to the charge of murder committed in the perpetration of the robbery of one Heller. He was then charged and convicted of robbing Heller. He contended "that the offense of robbery merged into the offense of murder, and that, having been sentenced for the murder of the said Heller, he has been put twice in jeopardy for the same offense by his prosecution for the robbery of Heller, which grew out of the same occurrence." The Court said:

"Our Constitution * * * proscribes the putting again (or twice) in jeopardy of life or liberty any person for the same offense. Certainly, if defendant had

been again tried for first-degree murder for the killing of Heller, he could have pleaded successfully former jeopardy, for he would have been tried for the same offense. We also think, although it is unnecessary so to decide, for the questions are not here involved, that the plea of former jeopardy probably would be sustained as to the lesser or lower grades or degrees of homicide or assault necessarily included in and apposite to first-degree murder, such as second-degree murder, manslaughter, etc., for such lesser degrees are included within the same offense. But murder and robbery are not the same offense, nor does one necessarily emanate from the other. While their common essential element is that of assault, yet they are distinct and separate statutory offenses.

"We reiterate that our Constitution and the common law proscribe a second jeopardy for the same offense. Murder and robbery are not and cannot be the same offense. It may be that during the same transaction both offenses are committed, yet they remain separate and distinct offenses and are not the same offense. It may be that on a trial for either offense evidence as to the other offense is admissible as a part of the res gestae, but this does not constitute them the same offense. Distinct and separate offenses are not to be held merged because they happen to grow out of the same transaction.

"Defendant cites *State v. Mowser*, 92 N.J.Law, 474, 106 A. 416, 4 A.L.R. 695, to sustain his position. That case is seemingly predicated on the postulate that the occurrence out of which the offenses issued was one inseparable transaction. This may be called the 'same transaction rule.' Missouri, according to our decisions, prefers to follow the separate or several offense rule, and we have held that an offender is not to be exonerated from responsibility for his acts because his desires or passions persuade or impel him to commit two or more offenses during a transaction or occasion. *State v. Martin*, 76 Mo. 337; *State v. Bobbitt*, 228 Mo. 252, 128 S.W. 953; *State v. Temple*, 194 Mo. 228, 92 S.W. 494. The general rule on the subject is stated in 8 Ruling Case Law, page 148, § 133, reading: 'When a single transaction constitutes two or more offenses, wherein the lesser offense is not necessarily involved in the greater and when the facts necessary to convict on the second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second.' On the facts stated, the case of *Warren v. State*, 79 Neb. 526, 113 N.W. 143, is in point, and we think the conclusions therein are sound and in accordance with the general rule. 16 C.J. p. 272–3, § 453.

"It follows that defendant by his acts committed several and distinct offenses, and that his prosecution and trial on the charge of robbing Heller, following his plea of guilty on the charge of murdering Heller, did not put him again or twice in jeopardy for the same offense."

We hold that appellant's assertion is without merit. His contention is not supported by the cases decided in the United States Supreme Court and in this Court. It was not error to give separate instructions on felony murder and robbery.

Appellant asks that we reconsider the holding in *State v. Chambers*, 524 S.W.2d 826 (Mo.banc 1975). In *Chambers*, this Court cites with approval and relies upon the *Blockburger* and *Moore* cases, supra. We decline to overrule the *Chambers* holding.

The judgment is affirmed.

All concur.