## UNITED STATES v. SINGER.

### No. 38341.

District Court, E. D. New York.

March 16, 1942.

864

Henry G. Singer, of Brooklyn, N.Y., for the motion.

Harold M. Kennedy, U. S. Atty. (James G. Scileppi, Asst. U. S. Atty., both of Brooklyn, N. Y., of counsel), opposed.

CAMPBELL, District Judge.

This is a motion to dismiss an indictment on the following grounds:

"(1) That the Indictments and the stenographic transcript demonstrate that the said defendant, Max Singer has not violated 26 U.S.C.A.Int.Rev.Code, § 2553(a) or 21 U.S.C.A. §§ 173 and 174, as charged, and more particularly as set forth in the Indictment marked 'Exhibit A', and that therefore the said defendant should not be tried and the Indictment should be dismissed because the Government will be unable to make out a case.

"(2) That from the said transcript of the stenographic minutes and the rulings and opinion of Hon. Marcus B. Campbell, United States District Judge, who presided at the trial of this defendant under the Indictment marked ('Exhibit A') and that

there is a complete failure of proof as to the existence of any narcotics allegedly sold or possessed by the defendant, Max Singer, and that the testimony of the witness, George Libelski, is so uncertain, equivocal and unbelievable, that by reason thereof the defendant should not be obliged to defend himself on the charge herein made.

"(3) That the said defendant, Max Singer, has already been tried and discharged of all of the things and matters referred to in the now pending Indictment ('Exhibit A')."

Only two questions are before me for consideration under this motion: (1) Whether or not this Court will permit the Government's case to go to the Jury after having heard the evidence? (2) Would the Court permit a verdict of Guilty to stand as against this defendant under the circumstances if the Jury should return such a verdict?

This motion is based upon the record of evidence received in a former action entitled United States against Max Singer and Julius Feinstein, alias Julie.

That indictment was solely for conspiracy, while the indictment in question is against the defendant Max Singer only, and charges two substantive crimes.

The understanding is, that the evidence in this case will not differ from the evidence offered in the former case on the part of the Government, except that the testimony of one Cohen will not be offered in this case, as it is not material to the questions here presented.

 If this case rested alone on the testimony of the Government witness Libelski, it might well be that this motion could be granted, but that is not the fact, because the testimony of the Narcotic Agent Ripberger furnishes sufficient corroboration to present a question of fact to be submitted to the Jury. Further, the mere fact that the sample was lost or destroyed, after analysis, does not prevent proof of such analysis, evidence having been offered to identify the sample analyzed, with the articles seized, and the loss or destruction of the sample goes solely to the weight of the evidence, which is for the Jury to pass upon.

 There is no question of double jeopardy as the crime of conspiracy charged in the first indictment, and the substantive crime, charged in this indictment, are separate and distinct crimes.

No question as to whether the probabilities of conviction would warrant the expense of a new trial can be considered by me, as that is solely a matter for the United States Attorney to decide.

The charge in this indictment relates to a definite time, whereas, in the former indictment, there was included but one overt act, and the proof made did not sustain the charge as it was laid, because of differences in time and quantity.

The motion is denied.