UNITED STATES of America,
Plaintiff-Appellee,

v.

Harold JOHNSON, Defendant-Appellant.
No. 12355.

United States Court of Appeals
Seventh Circuit.

Oct. 27, 1958.

Rehearing Denied Nov. 25, 1958.

Charles A. Bellows, Jason Ernest Bellows, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Charles R. Purcell, Jr., Atty., Chicago, Ill., John Peter Lulinski, Burton M. Bergstrom, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and PARKINSON and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

Harold Johnson and Juanita Warren were charged by Grand Jury indictment with having fraudulently and knowingly received, concealed, bought, sold and facilitated transportation, concealment and sale after importation into the United States of a quantity of heroin hydrochloride, knowing it to be imported into the United States contrary to law. (Title 21 U.S.C.A. § 174, as amended by the Narcotics Control Act of 1956.) Both pleaded not guilty and were tried by the District Court without jury. Juanita Warren was found not guilty. Harold Johnson was found guilty. He appeals that finding.

Under Title 21 U.S.C.A. § 174 [1] possession of narcotic drugs creates a presumption of guilt and is deemed sufficient evidence to authorize conviction un-

1. The pertinent portion of the Statute reads:

"Whenever on trial for a violation of this subsection the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

less the defendant satisfactorily explains the possession.[2]

Defendant here offered no explanation. He merely denied possession.

The matter comes before us on the sole contested issue of whether or not the evidence, viewed in the light most favorable to the government, was sufficient to justify the District Court's finding, as a fact, that defendant had possession of the heroin hydrochloride.

 Defendant Harold Johnson testified in his own behalf, but the Trial Judge, sole trier of credibility here,[3] stated that he disbelieved Harold Johnson's testimony and could not take it as of any consequence.

It is undisputed that government's exhibit No. 1, a brown paper bag, did contain heroin hydrochloride.

The government's witness John Graf, agent for the Federal Bureau of Narcotics, testified that, in a government vehicle, he had followed an automobile driven by defendant, at a high rate of speed, from the corner of Hoyne and Monroe Streets, north to the corner of Hoyne and Lake Streets, in Chicago, where he forced it to a stop; that as he got out on the passenger side of his vehicle, on the left of the automobile driven by defendant, approaching it from the driver's side, he saw defendant hand a brown paper bag to Juanita Warren who sat beside defendant in the front seat of the automobile. On cross-examination, agent Graf modified his original statement, and said that the brown paper bag had passed between defendant Harold Johnson and Juanita Warren, but that he did not know which had handed it to the other.

Two other agents, Ralph Eckhardt and Robert J. Taylor, testified that they had followed agent Graf in another government vehicle from which they alighted at the corner of Hoyne and Lake Streets, directly behind the automobile driven by the defendant, and that they saw its passengers getting out.

There was a conflict of evidence in that agent Graf testified that, at his command, Harold Johnson, Juanita Warren and a second man in the rear seat, all left their automobile on the driver's side. Agents Eckhardt and Taylor said that Juanita Warren got out on the passenger's side and walked around the rear of the automobile to the driver's side where agent Graf, Harold Johnson, and the second male passenger were standing.

Agents Eckhardt and Taylor both testified that as she emerged from the automobile, Juanita Warren dropped a package and that they saw it falling. Agent Taylor said that he immediately picked

---

**2.** In United States v. White, 7 Cir., 1956, 228 F.2d 832, at page 834, this Court held: "Having already found that there was evidence of possession, we hold that the government had a right to rely upon the statutory provision which has the effect of raising a presumption that the drug had been imported contrary to law, Pon Wing Quong v. United States, 9 Cir., 111 F.2d 751, at page 755, and that defendants had knowledge of such unlawful importation. In United States v. Feinberg, 7 Cir., 123 F.2d 425, at page 427, we said: 'By force of the statute, possession of narcotics gives rise to an inference that the narcotics were imported contrary to law and a further inference that the person in possession had knowledge of such unlawful importation. True it is, a defendant on trial may overcome these inferences by satisfactory proof that in his case possession of narcotics did not involve a violation of the statute, either because the narcotics were not imported contrary to law or because he had no knowledge of unlawful importation * * *.'

"To the same effect are United States v. Chiarelli, 7 Cir., 192 F.2d 528, at page 531, and United States v. Holmes, 7 Cir., 187 F.2d 222, at page 223."

**3.** In determining if there is sufficient evidence to support a conviction, it is not the role of an appellate court to weigh conflicting testimony. The weight to be given and the credibility to be attached to the testimony of the witnesses is a matter for determination by the trier of the facts. United States v. Cook, 7 Cir., 1950, 184 F.2d 642, 644; United States v. Detente, 7 Cir., 1952, 199 F.2d 286, 288; United States v. White, 7 Cir., 1956, 228 F.2d 832, 833; United States v. Green, 7 Cir., 1957, 246 F.2d 155, 158.

it up and that it was government's exhibit No. 1.

Agents Graf and Taylor testified further that the automobile and its three passengers were searched; no other bag was found. The circumstances set out in the testimony, if believed, disclose a case against defendant.[4]

The Trial Court noted that there was some discrepancy between the witnesses, but found sufficient and ample testimony to satisfy him beyond a reasonable doubt that defendant Harold Johnson knowingly had possession of the narcotic drug.

We find the District Court's action justified.

Affirmed.

---

4. With respect to circumstantial evidence, this Court said: "We know of no reason, however, why possession proven by circumstantial evidence should be treated any differently from possession proven by direct evidence. In any event, this same theory was advanced and rejected by this court in United States v. Pisano, 7 Cir., 193 F.2d 355, 360 * * *." United States v. Pinna, 7 Cir., 1956, 229 F.2d 216, 218.