Floyd L. CULLINS, Appellant,

v.

Louis L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Appellee.

No. 20784.

United States Court of Appeals
Fifth Circuit.

Feb. 14, 1964.

Meinhard H. Myerson, Jacksonville, Fla., A. K. Black, Lake City, Fla., for appellant.

George R. Georgieff, Asst. Atty. Gen. of Florida, Tallahassee, Fla., Richard W. Ervin, Atty. Gen., for appellee.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

JONES, Circuit Judge:

The material facts here are not complex and are not in dispute. Apartment 607, in a downtown apartment house in Jacksonville, Florida, was rented to William H. Cross. On October 17, 1958, Special Agents of the Florida Sheriff's Bureau, with the consent of the manager of the apartment building, went into Apartment 707, directly above the Cross apartment. In Apartment 707 they removed a grille from an air shaft and lowered a microphone down the air shaft so that it was opposite a grille in Apartment 607. Although it may not be clearly established of record, it was conceded by the Assistant Attorney General of Florida that the air shaft, as it passed through the sixth floor, was entirely surrounded by the interior walls of Apartment 607. The microphone was wired to recording and listening devices operated by the officers in the apartment above. Using this electronic equipment the officers overheard conversations between Cross, the tenant of the apartment, and others, including the appellant. The voices of Cullins and Cross were recog-

nized. From the conversations the officers became convinced that Cullins and others were operating a lottery enterprise. The information so obtained was incorporated in an affidavit of probable cause upon which a warrant was issued for the search of Apartment 607. Cullins and Cross were at the apartment and were placed under arrest. A search was made and gambling paraphernalia were seized.

Cullins, Cross and others were charged by the State of Florida with a violation of its lottery laws. Cullins filed a motion to suppress the evidence procured by the search on the ground that the search was in violation of his constitutionally protected right to be secure against unreasonable search and seizure. Objections were made to the introduction of the evidence procured at the raid. The motion to suppress was denied. The objections to the admission of evidence were overruled. Cullins was convicted on August 7, 1959. State remedies were exhausted, the validity of the search being upheld in the state courts. A petition for habeas corpus was filed in the United States District Court. After a hearing at which the facts herein recited were developed, the court dismissed the habeas corpus proceeding and issued a certificate of probable cause so as to permit an appeal to this Court. 28 U.S.C.A. § 2253. In making the announcement that a certificate of probable cause would be issued, the district judge observed that "the court certifies probable cause, because this is a field that I would like to see examined a little more."

■ The area is not one which has been free from exploration. The Supreme Court has had occasion to set forth the guiding principles in a number of significant decisions. Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462; Silverman v. United States, 365 U.S. 505, 81 S.Ct. 679, 5 L.Ed.2d 734; On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270; Goldman v. United States, 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322; Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944, 66 A.L.R. 376. The evidence procured by the use of electronic eavesdropping devices becomes inadmissible only where there has been an unauthorized physical invasion of the petitioner's premises under such circumstances as would amount to a violation of the Fourth Amendment. The decision which is most nearly in point factually to the case before us is the Silverman case. In that case the petitioners occupied a dwelling which shared a party wall with an adjoining house. Police officers, in the adjoining house, inserted a foot-long spike into the party wall until the spike made contact with a heating duct in the house of the petitioners. Attached to the spike were a microphone, an amplifier, a power pack, and earphones. With this equipment conversations of the petitioners and others were overheard and the evidence so obtained was used in evidence against the petitioners at their trial on gambling charges and played a substantial part in their convictions. It was held that there was a physical penetration into the premises of the petitioners in violation of their constitutional rights. The conversations were set aside.

■ The appellant Cullins urges that the Silverman case is in point and requires a reversal of the order denying his application for a writ of habeas corpus. On the other hand it is contended on behalf of the State of Florida that there has been no invasion or penetration of the apartment of Cross, and hence no rights were infringed. The State stresses the fact that in Silverman the duct was wholly within and served only the dwelling which the petitioners occupied, while the ventilating shaft in this case extended through the building vertically and served, not only the Cross apartment, but a number of others directly above it and directly below it. The State compares the vertical shaft to a horizontal hallway providing access to several rooms or apartments on the same floor. Plausible as this analogy may seem, it is fallacious. That portion of the shaft between the floor and ceiling

of Apartment 607 is wholly within the apartment and, we think, is a part of it. To indulge in the distinctions that would permit a contrary conclusion would ignore the practical realities of the situation. The lowering of a microphone into that portion of the ventilating shaft was an invasion of a constitutionally protected area and violated the Fourth Amendment rights of those in the apartment whose conversations were overheard by means of the electronic eavesdropping.

It follows that the order of the district court must be reversed and the proceeding remanded for further action.

Reversed and remanded.