**UNITED STATES of America, Appellee,**

v.

**Harvey BALLOU, Defendant-Appellant.**

**No. 439, Docket 29200.**

United States Court of Appeals Second Circuit.

Argued April 21, 1965.

Decided July 14, 1965.

John J. McAvoy, New York City (Anthony F. Marra, New York City), for appellant.

Robert G. Morvillo, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, and Jack D. Samuels, Asst. U. S. Atty., New York City), for appellee.

Before KAUFMAN, HAYS and ANDERSON, Circuit Judges.

PER CURIAM.

The defendant appeals from a judgment convicting him of dealing in narcotics in violation of 21 U.S.C. §§ 173, 174 (1958). The district judge found: that the defendant had arranged to have an accomplice, Joseph Gaston, call Salzman, an informer, to negotiate a sale of heroin, and that the accomplice received payment while another accomplice delivered the heroin for the agreed upon price to a government agent. Thereafter, Salzman again called the defendant and this same order of events followed ending with another delivery of narcotics. Judge McGohey found that "the defendant had at least constructive possession of the narcotics involved in each of the foregoing transactions," because "he was able to arrange and effect their delivery by Joseph [Gaston] when called upon to do so."

The appellant claims that the findings were based upon inculpatory statements made by him shortly after his arrest. He argues that the admission of these statements was erroneous, because he was arrested without a warrant, although twelve weeks elapsed between the last alleged unlawful act and the arrest.

It is unnecessary for us to consider the merits of appellant's point since no objection was made at the trial to the admission of appellant's inculpatory statements. United States v. Sten, 342 F.2d 491 (2d Cir. 1965).

The appellant also contends that the use of a magnetic pickup device attached to a telephone receiver to overhear the conversations between Salzman, the informer, and appellant, violated Section 605 of the Federal Communications Act of 1934, 48 Stat. 1103, 47 U.S.C. § 605 (1958). Since the eavesdropping had the consent of Salzman who was a "sender," this argument must be rejected. Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957); Lindsey v. United States, 332 F.2d 688 (9th Cir. 1964); Wilson v. United States, 316 F.2d 212 (9th Cir. 1963), cert. denied, 377 U.S. 960, 84 S.Ct. 1631, 12 L.Ed.2d 503 (1964); United States v. Williams, 311 F.2d 721 (7th Cir.), cert. denied, 374 U.S. 812, 83 S.Ct. 1703, 10 L.Ed.2d 1035 (1963); Ferguson v. United States, 307 F.2d 787 (10th Cir. 1962), withdrawn on other grounds, 329 F.2d 923 (1964). (We see no reason to distinguish between extension telephones and magnetic pickup devices if the "sender" has consented to the overhearing of his telephone conversations.)

Affirmed.