**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gus N. KOUNTIS, Defendant-Appellant.**

**No. 15025.**

United States Court of Appeals Seventh Circuit.

Sept. 21, 1965.

Rehearing Denied Oct. 12, 1965.

Daniel C. Ahern, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Douglas G. Brown, Chicago, Ill., James J. Casey, Asst. U. S. Atty., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

After a trial before the Court, defendant was found guilty of receiving, concealing, buying, selling and facilitating the transportation, concealment and sale of narcotic drugs. A mandatory minimum sentence of ten years was imposed.

On this appeal, defendant makes three principal points. He urges the defense of abandonment; that an admission by defendant, received in evidence over objection, was elicited by government agents through an unlawful inquiry after arrest, and that the Court erred in admitting the contents of a telephone conversation.

Agents of the Federal Bureau of Narcotics testified as to two separate meetings on the same day between defendant and one Sylvester Moore. On each occasion, defendant was seen handing Moore paper bags. Moore was searched. The bags were found to contain heroin.

Defendant was arrested some time after 8 p. m. The agents, accompanied by defendant, arrived at their office at about 9 p. m. Defendant was advised of his rights. He was told that he need not make a statement and was given the opportunity to obtain the services of an attorney. He was fingerprinted and photographed. Thereafter, he admitted the heroin here in question belonged to him. Within two hours after his arrest, defendant was taken to the police lockup. There were no further questions.

■ Defendant contends the narcotic agents violated his constitutional rights by questioning him after his arrest. Defendant relies on Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, and Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441.

In Mallory, a confession was excluded from evidence. The 19-year old defendant was of "limited intelligence." He was questioned continuously for five hours following his arrest. He was not informed of his right to counsel nor was he told that he could remain silent. The aggravated circumstances of Mallory are completely lacking here.

In Wong Sun, there was an illegal arrest. That is not true in the case at bar. In our view, neither Mallory nor Wong Sun is controlling.

Defendant's counsel admitted on oral argument there is little precedent for his defense of abandonment. He relies upon statements in Wharton on Criminal Law and Corpus Juris Secundum. The general idea of his defense is that "abandonment" should be considered a defense if the attempt to commit a crime is abandoned before the act is finally executed.

■ In reviewing this record, we consider the evidence in the light most favorable to the government. United States v. Iacullo, 7 Cir., 226 F.2d 788, 795. We do not think an abandonment of criminal intent is shown in this case. We hold the defense of abandonment is not available to the defendant herein.

■ Defendant next contends that Section 605 of the Federal Communications Act of 1934 was violated by agent Jackson when he listened over an extension telephone receiver to the conversation between defendant and Sylvester Moore with Moore's knowledge and consent. We hold that such a course of conduct is not an "interception" of the message within the meaning of the statute and was, therefore admissible into evidence. Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134; United States v. Williams, 7 Cir., 311 F.2d 721.

Finding no error, the judgment of conviction must be and is

Affirmed.