Anthony Joseph **BLANCHARD**,
Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 21547.

United States Court of Appeals
Fifth Circuit.

May 9, 1966.

Richard C. Baldwin, New Orleans, La., for appellant.

John C. Ciolino, Asst. U. S. Atty., New Orleans, La., for appellee.

Before WHITAKER,* Senior Judge, and WISDOM and THORNBERRY, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellant was first found guilty by a jury on April 28, 1961, of violations of 21 U.S.C. § 174 and 26 U.S.C. §§ 4704(a) and 4705(a), relative to the concealment and sale of narcotics. No appeal was taken from this conviction, but on July 24, 1962, appellant filed a § 2255 motion alleging that one of the jurors at his trial had slept through a portion of the charge given to the jury. A hearing was held on this motion, and on August 16, 1962, the District Court granted the motion and ordered a new trial.

On January 31, 1963, appellant filed a motion for production of the narcotics referred to in the indictment and, in the alternative, for a dismissal of the indictment. On June 27, 1963, after a hearing, the District Court overruled this motion. Thereafter, on April 28, 1964, appellant was tried by a jury and convicted on all counts of the indictment. Appellant's motion for a directed verdict at the conclusion of the trial was also denied. This appeal followed. We affirm.

The first error urged by appellant is the failure of the trial court to grant appellant's motion for production and inspection of the narcotics described in the indictment and the denial of appellant's motion to dismiss for failure to produce the narcotics.

The narcotics involved in this case were destroyed on October 25, 1961—approximately six months after appellant's first conviction and well beyond the period for an appeal. No motion for production was made at the first trial. Appellant's motion for production was pursuant to Rule 16, Fed.R.Crim.P., and one of the requirements of Rule 16 is that the request be a reasonable one.

---

* Of the U. S. Court of Claims, sitting by designation.

■ The trial court was correct in refusing to dismiss the indictment upon the failure of the Government to produce the narcotics, since it is not essential that the narcotics involved be offered and received in evidence as exhibits. Ware v. United States, 8th Cir. 1958, 259 F.2d 442; United States v. Bailey, 7th Cir. 1960, 277 F.2d 560, 565. Appellant attempts to distinguish *Ware* and *Bailey* on the grounds that in neither had a motion for production been filed and both cases dealt merely with the question of whether narcotics were properly introduced into evidence. There is dicta in both cases, however, which strongly supports the Government's position in the instant case. For instance, in *Ware* the Court quotes with approval the following language from United States v. Singer, E.D.N.Y.1942, 43 F.Supp. 863, 864:

> "Further, the mere fact that the sample was lost or destroyed, after analysis, does not prevent proof of such analysis, evidence having been offered to identify the sample analyzed, with the articles seized, and the loss or destruction of the sample goes solely to the weight of the evidence, which is for the Jury to pass upon."

There is ample evidence in the instant case to show that appellant unlawfully sold narcotics to a Government informant, that the narcotics were mailed to a chemist in Dallas, Texas, and that his analysis reflected that the substance was in fact narcotics. Appellant makes much of the fact that the Government chemist testified that he could not say positively that the narcotics he examined were the narcotics referred to in the indictment. This testimony must be considered, as the jury undoubtedly did, along with the statement of the witness that he had never seen the indictment.

■ Appellant next contends that the trial court erred in allowing the Government to introduce a document which identified the substance allegedly obtained from the appellant as narcotics. The document objected to by appellant was a written certification by the head of the Drugs Disposal Committee of the Federal Bureau of Narcotics that the heroin in appellant's case was destroyed on October 25, 1961. Appellant asserts that the introduction of this document denied appellant his right of confrontation and cross-examination and points to a variance between the amount of heroin as stated in the document and the amount which the Government chemist testified that he examined. As pointed out by the Government, the document was admissible as a record made in the regular course of business under 28 U.S.C. § 1732, and the variance is explainable, since some of the heroin was undoubtedly lost when it was subjected to chemical analysis. The amounts testified to by the chemist as being received for analysis and the amounts named in the indictment are the same.

We now come to the contention that the listening by a Government agent to a telephone conversation between the informant and appellant violated the Fourth Amendment of the Constitution of the United States and Section 605 of the Federal Communications Act. of 1934, 47 U.S.C. § 605. The Government agent testified that he listened to certain telephone conversations which the informant initiated in the presence of the agent, which conversations related to the sale of narcotics.

■ While there may be justification for a feeling of increasing distaste for the obtaining of evidence through listening to telephone conversations, the courts have not as yet found this particular practice to be a violation either of the Fourth Amendment or Section 605. Listening to a telephone conversation between an informant (who gave his consent to the "listening") and the appellant by a Government agent is not such an invasion of a constitutionally protected area as to be a violation of the Fourth Amendment. Olmstead v. United States, 1928, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 94., 66 A.L.R. 376; Goldman v. United States, 1942, 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322; On Lee v. United States, 1952, 343 U.S. 747, 72

S.Ct. 967, 96 L.Ed. 1270; Silverman v. United States, 1961, 365 U.S. 505, 81 S.Ct. 679, 5 L.Ed.2d 734.

█ As to whether such action violated Section 605, we are compelled, under the law as it exists today, to hold that it does not. There is no violation of Section 605 when evidence is obtained by listening to a telephone conversation with the consent of one party, but without the knowledge of the other. Rathbun v. United States, 1957, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134; Carnes v. United States, 5th Cir. 1961, 295 F.2d 598, cert. denied, 369 U.S. 861, 82 S.Ct. 949, 8 L.Ed.2d 19; Broadus v. United States, 5th Cir. 1963, 317 F.2d 212, cert. denied, 375 U.S. 829, 84 S.Ct. 74, 11 L.Ed.2d 61; United States v. Ballou, 2d Cir. 1965, 348 F.2d 467; United States v. Kountis, 7th Cir. 1965, 350 F.2d 869, cert. denied, 382 U.S. 980, 86 S.Ct. 554, 15 L.Ed.2d 470.

Appellant relies strongly on Silverman v. United States, supra, and Cullins v. Wainwright, 5th Cir. 1964, 328 F.2d 481. In *Silverman* the Supreme Court dealt with actions of police in attaching an electronic device, a so-called "spike mike," to the heating duct of a house used by defendants and held this to be "an unauthorized physical penetration into the premises occupied by the petitioners" and therefore a violation of the Fourth Amendment. In *Cullins*, this Court dealt with the lowering of a microphone into defendant's apartment through an air vent and held under the facts of that case that such action violated the Fourth Amendment when the conversations of those occupying the apartment were overheard by means of the electronic device. Neither dealt with listening to a telephone conversation under the circumstances of the instant case and are clearly distinguishable.

█ It is appellant's final contention that he was a mere purchasing agent of the Government or the informant and, therefore, cannot be convicted as a seller. The case of Jackson v. United States, 5th Cir. 1963, 311 F.2d 686, 690, cert. denied, 374 U.S. 850, 83 S.Ct. 1913, 10 L.Ed.2d 1070, disposes of appellant's contention with the following language:

"Defendant also asserts that on the basis of a number of cases, he was a mere agent and cannot therefore be held guilty. But this misapprehends the whole idea of those decisions. As we pointed out in Coronado v. United States, 5 Cir., 1959, 266 F.2d 719, the question is 'whether the accused acted as a participant in the sale on behalf of the buyer or on behalf of the seller.' No case has yet held the agent of the seller excused by the act of a knowing delivery."

The informant's testimony during the trial clearly shows appellant to have been agent for the seller, one Si Rush. The informant testified that appellant called him on May 14, 1960, and told him that Si Rush had just gotten into town with a large quantity of heroin and that appellant wanted to sell some to the informant.

Affirmed.