**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert FUESTON, Defendant-Appellant.**

**No. 24439.**

United States Court of Appeals,
Ninth Circuit.

April 30, 1970.

Richard Powers (argued), of McDonell & Alfieri, Seattle, Washington; for the appellant.

Charles Pinnell (argued), Asst. U.S. Atty., Luzerne E. Hufford, Jr., Asst. U.S. Atty., Stan Pitkin, U.S. Atty., Seattle, Washington, for the appellee.

Before DUNIWAY, WRIGHT and TRASK, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Appellant was convicted for aiding and abetting the sale of cocaine not in or from the original stamped package, 26 U.S.C. § 4704(a); 18 U.S.C. § 2.

The sale in question was made by one Trambitas to Special Agent Park of the Bureau of Narcotics and Dangerous Drugs. Fueston took the stand, and admitted he had been present at the sale, but denied abetting it. Agent Park testified: (1) that Trambitas had identified Fueston as his "partner"; (2) that Trambitas, Fueston, and Agent Park went in Fueston's car to Trambitas' apartment where the sale was made; and (3) that during the course of the sale Fueston assisted in overcoming the Agent's feigned reluctance to buy by suggesting that the latter could increase his profit on resale by "cutting" the cocaine.

We think the evidence was sufficient to show that Fueston had "associated himself with the venture," Nye & Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949); Grant v. United States, 291 F.2d 746 (9th Cir. 1961), and that he sought by his action to make it succeed. United States v. Peoni, 100 F.2d 401, 402 (2d Cir. 1938). The agent having testified from direct observation that neither the cocaine he bought nor the container from which it was dispensed, cf. United States v. Bailey, 277 F.2d 560 (7th Cir. 1960), had revenue stamps attached, there was sufficient evidence to support a jury finding that the sale violated 26 U.S.C. § 4704 (a).

■ The trial judge hence was correct in denying the motion for acquittal. A new trial will be required, however, since he instructed the jury—in accordance with the language of 26 U.S.C. § 4704(a) —that appellant's possession of the unstamped cocaine, without more, would constitute prima facie evidence of a "violation of the statute." As applied to cocaine cases, this presumption has been authoritatively held unconstitutional. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). This court has already applied *Turner* retroactively, United States v. Wong, 425 F.2d 1077 (9th Cir. 1970), a result in any case required by United States v. Scott, 425 F.2d 55 (9th Cir. 1970). Nor does Fueston's failure to object in the trial court constitute a waiver. United States v. Scott, *supra*.

■ ■ We cannot say that the erroneous instruction was harmless. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The evidence against Fueston was far from overwhelming, Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), consisting as it did solely of the agent's testimony—which Fueston vigorously rebutted. Constitutional errors in presumption instructions, moreover, may require somewhat closer scrutiny than errors in the admission of evidence, since they affect not merely one element in the proof of guilt, but the manner in which the jury evaluates all the remaining elements. United States v. Bollenbach, 326 U.S. 607, 614–615, 966 S.Ct. 402, 90 L.Ed. 350 (1946); Note, 83 Harv. L.Rev. 814, 821 (1970). Here the jury may well have concluded that the presumption authorized it to bypass the difficult question of appellant's participation in the sale, and find him guilty of aiding and abetting merely on a showing that he had had actual or constructive possession of the cocaine.

Reversed and remanded for a new trial.